UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES EUGNE BAKER,<br><br>                             Petitioner,<br><br>   v.<br><br>STEPHEN SINCLAIR, et al.,<br><br>                             Respondent. | No. C09-5505 RJB/KLS<br><br>ORDER DENYING PETITIONER'S<br>MOTION FOR STAY AND ABEYANCE |

     This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

     On August 19, 2009, Petitioner filed his habeas corpus petition seeking to challenge his 2007 conviction following his guilty plea to four counts of Child Molestation in the First Degree. Dkt. 1. On November 6, 2009, Respondent filed an answer, requesting that the petition be dismissed with prejudice on the grounds that all of Petitioner's claims are unexhausted. Dkt. 15. Respondent further argues that because Mr. Baker previously filed a personal restraint petition in state court, RCW 10.73.140 would bar him from filing another such petition unless he can

ORDER DENYING MOTION FOR STAY AND ABEYANCE - 1

demonstrate good cause why he either failed to raise his second petition's claims in his first petition or he can show good cause for raising the same claims in the second petition. *Id.*[1]

On December 10, 2009, the court granted Petitioner's motion for an extension of time to file his reply and re-noted his habeas corpus petition for consideration for March 26, 2010. Dkt. 19. On February 5, 2010, Petitioner filed a motion for stay and abeyance. Dkt. 21. Respondent opposes the stay. Dkt. 22.

Upon review, the court concludes that a stay and abeyance is inappropriate in this case.

## *DISCUSSION*

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Petitioner states that he "thought his claims were already addressed but they were not, so [he] wants to … take the claims that were unexhausted back to the state court's [sic] and try to exhaust them…" by filing a personal restraint petition in the Washington Court of Appeals Division II. Dkt. 21, p. 2. Mr. Baker contends that he was prevented from properly bringing these claims previously because he was serving time in the Intensive Management Unit (IMU) in Monroe and had no legal library access. *Id.*

In *Rhines v. Weber*, 544 U.S. 269, 274-279 (2005), the Supreme Court approved the "stay-and-abeyance" procedure for mixed petitions in light of the potential dilemma posed by the AEDPA statute of limitations, 28 U.S.C. § 2244(d). For petitioners who file mixed petitions and who are close to the end of AEDPA's one-year time limit, there is a probability that they will not have time in which to exhaust state remedies and refile in federal court before the limitations

---

[1] Respondent notes that because less than one year has transpired since the issuance of the Washington Court of Appeals' May 8, 2009 mandate in Mr. Baker's case, he is not time-barred under RCW 10.73.090 from filing a personal restraint petition to properly exhaust his unexhausted habeas claims, but the prohibition on successive petitions bars his ability to do so. Dkt. 16 (citing Dkt. 17, Exh. 14).

ORDER DENYING MOTION FOR STAY AND ABEYANCE - 2

period runs. In such cases, rather than dismissing the mixed petition outright pursuant to *Rose v. Lundy*, a district court may stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. *Rhines*, 544 U.S. at 275. Once he has exhausted his state remedies, the federal court will lift the stay and allow the petitioner to proceed on his now-exhausted claims. *Id.* at 275-76. The Supreme Court has emphasized, however, that this is a process to be used sparingly and under limited circumstances. *Rhines*, 544 U.S. at 277.

Petitioner states that all three of his habeas claims are unexhausted. Dkt. 21, p. 2. Therefore, his habeas petition contains only unexhausted claims and is not a mixed petition. A mixed petition is a petition containing both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *see also Rhines v. Weber*, 544 U.S. at 273. "The Supreme Court repeatedly has instructed the district courts to dismiss "mixed" petitions containing any unexhausted claims." *See Greenwalt v. Stewart*, 105 F.3d 1268, 1273 (9th Cir. 1997).

Second, Mr. Baker previously filed a personal restraint petition in the Washington Court of Appeals. Dkt. 15, pp. 3 and 5; Dkt. 16, Exhs. 4 and 11. Because Mr. Baker has already filed a personal restraint petition, he will be procedurally barred from filing a second petition in the Washington State courts unless he can establish good cause for his failure to have raised the same claims in a second petition, or, can show good cause if he raises the same claims in a second petition. *See* RCW 10.73.140.

Third, Mr. Baker has failed to demonstrate good cause for his failure to exhaust such claims. Dkt. 21, p. 2. A stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. *Rhines*, 544 U.S. at 277 (emphasis added).

ORDER DENYING MOTION FOR STAY AND ABEYANCE - 3

Mr. Baker argues that he failed to exhaust his three federal habeas claims in state court because he was serving time in the IMU in Monroe and had no legal library access, which prevented him from properly doing his review and "stating what actually needed to be stated." Dkt. 21, p. 2.  This argument fails to show good cause.  Mr. Baker also fails to show that his three federal habeas claims are potentially meritorious.  See *Rhines*, 544 at 277 (even if a petitioner had good cause for failure to exhaust, the district court would abuse its discretion if it were to grant a stay when the unexhausted claims are plainly meritless).

Accordingly, the court finds that a stay and abeyance in this case is not appropriate because Mr. Baker's petition is not a "mixed" petition, he has shown no good cause for his failure to exhaust, and he has not shown that his claims are potentially meritorious.

Accordingly, the Petitioner's motion for a stay (Dkt. 21) is **DENIED**.  The noting date of March 26, 2010 for consideration of Petitioner's habeas corpus petition is retained.

The Clerk shall send a copy of this Order to Petitioner and counsel for Respondent.

DATED this  12th  day of March, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR STAY AND ABEYANCE  - 4