1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES EUGENE BAKER,

                              Petitioner,

       v.

STEPHEN SINCLAIR,

                              Respondent.

No. C09-5505 RJB/KLS

**REPORT AND RECOMMENDATION**
**Noted for:  July 23, 2010**

     Petitioner James Eugene Baker seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636 (b) (1) and Local MJR 3 and 4.  Mr. Baker seeks to challenge his 2007 conviction by guilty plea to four counts of Child Molestation in the First Degree.  Dkt. 5.  Respondent filed a response and submitted relevant portions of the State court record.  Dkts. 15 and 16.  While Petitioner was granted an extension of time to file a reply (Dkt. 19), he has not filed one.  Petitioner's motion for a stay and abeyance was denied.  Dkt. 22.

     Upon review, it is the Court's recommendation that Mr. Baker's petition be dismissed with prejudice as his claims are unexhausted and he is procedurally barred from filing a personal restraint petition in the Washington State courts.

*STATEMENT OF PROCEDURAL HISTORY*

     On February 27, 2007, Mr. Baker plead guilty to four counts of Child Molestation in the First Degree.  Dkt. 16, Exh. 1.  On April 20, 2007, the trial court imposed a sentence of life

REPORT AND RECOMMENDATION - 1

without the possibility of early release on all four counts, based upon the trial court's finding that

Mr. Baker was a persistent offender. *Id.* at 5, at ¶ 4.12.

On April 30, 2007, Mr. Baker's attorney filed a notice of appeal of his judgment and

sentence to the Washington Court of Appeals. *Id.*, Exh. 3. On May 24, 2007, Mr. Baker filed a

personal restraint petition in the Washington Court of Appeals. *Id.*, Exh. 4. In Mr. Baker's

personal restraint petition, he raised the following sole ground for relief:

> No mental health history was brought up at sentencing and defense failed to plea
> for lesser sentencing.

*Id.*, Exh. 4 at 3. On July 16, 2007, the Washington Court of Appeals Court Clerk sent the parties

a letter stating that the Court of Appeals, on its own initiative, had consolidated Mr. Baker's

personal restraint petition under Court of Appeals Cause No. 36483-2-II to his direct appeal

under 36412-3-II. *Id.*, Exh. 5. Respondent State of Washington was directed to file a joint brief

responding to both the direct appeal and the personal restraint petition. See *id.*

On January 25, 2008, counsel for Mr. Baker filed a brief of appellant in the Washington

Court of Appeals, raising the following issue:

> Did the trial court err by accepting appellant's plea of guilty without
> independently determining whether appellant was competent to plead guilty when
> there was evidence calling appellant's competency into question and without
> independently ascertaining a factual basis for the plea?

*Id.*, Exh. 6 at 1. On March 4, 2008, Mr. Baker filed a Statement of Additional Grounds for

Review, raising the following additional grounds in the Court of Appeals:

> Additional Ground 1
> The defense attorney errored (sic) by withholding mental health reports that
> would of (sic) changed the outcome of the case. In addition the defense attorney
> never interviewed the victim nor investigated Mr. Baker's prior conviction. Mr.
> Sepe's comment was —based what I can see that State would prove a prior strike
> easily. (sic)

REPORT AND RECOMMENDATION - 2

Additional Ground 2
The Western State Hospital staff conducted a compency (sic) evaluation by "observing his movements" at no time were proper compency (sic) testing done. And by observing someone you can't determine one (sic) mental health status.

*Id.*, Exh. 7.

On March 18, 2008, Mr. Baker filed a second statement of additional grounds for review in which is raised the additional grounds:

Additional Ground 1
During arraignment the prosecutor stated that Mr. Baker admitted he's not able to control his desire to molest children.  This comment was hearsay and the state had no proof he made this comment.  This comment should be striken (sic) from record.  Also the prosecutor stated Mr. Baker is a flight risk.  Mr. Baker has no escape history and all his family lives in the Tacoma area.  The prosecutor is prejudging the Defendant.

Additional Ground 2
The defense attorney erroed (sic) by refusing to talk to the court psychological and mental health reports (sic).  And during plea hearing Mr. Sepe should of (sic) attempted to plea with counsel and vacate the guilty plea. Mr. Baker suffers mental issues.  A second evaluation should of (sic) been completed.

*Id.*, Exh. 8.  On April 17, 2008, Respondent State of Washington filed a brief in response to Mr. Baker's direct appeal and a response to his personal restraint petition.  *Id.*, Exh. 9.  Mr. Baker filed a reply brief.  *Id.*, Exh. 10.  On October 21, 2008, the Washington Court of Appeals issued an unpublished opinion in Mr. Baker's case in which it affirmed his conviction and denied his personal restraint petition.  *Id.*, Exh. 11.

On November 7, 2008, Mr. Baker filed a motion for discretionary review in the Washington Supreme Court.  *Id.*, Exh. 12.  He raised the following issues for review:

1.      During the court proceedings it was noted that I never filed a motion to withdrawal my plea of guilt.  According to defense attorney Dino Sepe, he informed me if I plead guilty I am not allowed to file a motion to withdrawal.  Had this been explained clearly, I would have taken this step.

REPORT AND RECOMMENDATION - 3

2.      I asked several times that and who is the victim to be interviewed.  Had this interview taken place then would of (sic) been a different out come (sic) in my case.  The victim never appeared in any court proceedings including sentencing and I was never given the chance to confront the victim which is one of my constitutional rights.

3.      The trial judge Sergio Arimjo should of (sic) taken more time to review this case.  Prior to sentencing there were questions that were not answered.  There were reports including past mental health statements from Puget Sound Hospital that were never porcesed (sic).

4.      During sentencing defense attorney Dino Sepe stated during closing statements that he can adress (sic) Mr. Baker's mental health issues which would of (sic) played a major factor in this case.  But he failed to do so.  Mr. Baker has a mental health illness which sometimes affects his behavior**.**

*Id.*, Exh. 12 at 2-3.

On February 11, 2009, Mr. Baker filed a supplemental brief to his motion for discretionary review.  *Id.*, Exh. 12(a).  On April 28, 2009, the Chief Justice of the Washington Supreme Court issued an order denying Mr. Baker's petition for review.  *Id.*, Exh. 13.

On May 8, 2009, the Washington Court of Appeals issued a mandate in Mr. Baker's case.  *Id.*, Exh. 14.

### *ISSUES PRESENTED*

Mr. Baker presents the following issues for review in this habeas corpus petition:

1.      Ineffective assistance of counsel.  The defense attorney was asked by his client to investigate the allegations and interview the victim in this case.  This was never done and Mr. Baker was never given the chance to confront the victim.  This violates Mr. Baker's Sixth Amendment right.

2.      Victim's interview was inconclusive.  During the interview the victim was never asked why he let the contact continue, did the victim participate in the contact voluntarily, why did the victim wait so long to report it.

3.      Why the court never challenged the guilty plea. The courts should have never accepted the guilty plea because there were questions and concerns why would a defendant plead guilty on a three strike case.

REPORT AND RECOMMENDATION - 4

Dkt. 5, pp. 5-6 and 8 (CM/ECF pagination).

*EVIDENTIARY HEARING*

In a proceeding instituted by the filing of a federal habeas corpus petition by a person in custody pursuant to a judgment of a state court, the "determination of a factual issue" made by that court "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1).  Under 28 U.S.C. § 2254(e)(1), the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  *Id.*

Where a petitioner "has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court," an evidentiary hearing in federal court will not be precluded.  *Baja v. Ducharme*, 187 F.3d 1075, 1078-79 (9th Cir. 1999) (quoting *Cardwell v. Greene*, 152 F.3d 331, 337 (4th Cir. 1998)).  On the other hand, if the petitioner fails to develop "the factual basis of a claim" in the state court proceedings, an evidentiary hearing on that claim shall not be held, unless the petitioner shows:

> (A)     the claim relies on--
>
>     (i)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>     (ii)     a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B)     the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.28 U.S.C. § 2254(e)(2).

An evidentiary hearing "is required when the petitioner's allegations, if proven, would establish the right to relief."  *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998).  It "is not required on issues that can be resolved by reference to the state court record."  *Id.* (emphasis in

REPORT AND RECOMMENDATION - 5

1  original).  As the Ninth Circuit has stated, "[i]t is axiomatic that when issues can be resolved

2  with reference to the state court record, an evidentiary hearing becomes nothing more than a

3  futile exercise."  *Id.*; *United States v. Birtle*, 792 F.2d 846, 849 (9th Cir. 1986) (evidentiary

4  hearing not required if motion, files and records of case conclusively show petitioner is entitled

5  to no relief) (quoting 28 U.S.C. § 2255).

6         In this case, there is no indication that an evidentiary hearing would in any way shed new

7  light on the grounds for federal habeas corpus relief raised in his petition.  See *Totten*, 137 F.2d

8  at 1177.  The question of whether Mr. Baker has properly exhausted his claims for relief is a

9  legal question that may be resolved by reference to the record before this Court.  Accordingly,

10  the court finds that an evidentiary hearing is not required.

11                                    *STANDARD OF REVIEW*

12         This court's review of the merits of Mr. Baker's claims is governed by 28 U.S.C.

13  § 2254(d)(1).  Under that standard, the court cannot grant a writ of habeas corpus unless a

14  petitioner demonstrates that he is in custody in violation of federal law and that the highest state

15  court decision rejecting his ground was either "contrary to, or involved an unreasonable

16  application of, clearly established Federal law, as determined by the Supreme Court of the

17  United States."  28 U.S.C. § 2254(c) and (d)(1).  The Supreme Court holdings at the time of the

18  state court decision will provide the "definitive source of clearly established federal law."  *Van

19  Tran v. Lindsey*, 212 F.3d 1143, 1154 (9th Cir. 2000), overruled in part on other grounds by

20  *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).   A determination of

21  a factual issue by a state court shall be presumed correct, and the applicant has the burden of

22  rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C.

23  §2254(e)(1).

REPORT AND RECOMMENDATION - 6

The court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68; see also *Smith v. Phillips*, 455 U.S. 209, 221 (1982) ("Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.").  In addition, for federal habeas corpus relief to be granted, the constitutional error must have had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted).

*DISCUSSION*

Respondent contends that Mr. Baker failed to fully and fairly exhaust all three of his claims as federal constitutional claims in the Washington Supreme Court.  Dkt. 15, p. 7.  Each of Mr. Baker's claims is addressed separately below.

A.    *Exhaustion of State Court Remedies*

Section 2254(b)(1) provides that a habeas petition must be denied if the petitioner failed to exhaust his state court remedies.  28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  In order to exhaust state remedies, the petitioner must "fairly present" his federal claims to the state courts thereby giving the state the opportunity to address and correct alleged violations of the petitioner's federal rights. *Duncan*, 513 U.S. at 365; *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir.1999); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir.1996).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Voerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

REPORT AND RECOMMENDATION - 7

A complete round of the state's established review process includes presentation of a petitioner's claim to the state's highest court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1993), cert. denied 513 U.S. 935 (1994). However, "[s]ubmitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Consequently, presentation of a federal claim for the first time to a state's highest court on discretionary review does not satisfy the exhaustion requirement. *Castille*, 489 U.S. at 351; *Casey v. Moore*, 386 F.3d 896, 915-18 (9th Cir. 2004), cert. denied 545 U.S. 1146 (2005). But see *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991) ("If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available").

"To 'fairly present' his federal claim to the state courts, [petitioner] had to alert the state courts to the fact that he was asserting a claim under the United States Constitution." *Hiivala*, 195 F.3d at 1106 (citing *Duncan*, 513 U.S. at 365-66). The Supreme Court stated in *Gray v. Netherland* that to "fairly present" a claim to the state court, "it is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of a claim." Rather, the petitioner "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." 518 U.S. 152, 162-63 (1996).

If a petitioner fails to obey state procedural rules, the state court may decline review of a claim based on that procedural default. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). If the state court clearly and expressly states that its judgment rests on a state procedural bar, the petitioner is barred from asserting the same claim in a habeas proceeding. *Harris v. Reed*, 489

REPORT AND RECOMMENDATION - 8

U.S. 255, 263 (1989); *Noltie v. Peterson*, 9 F.3d 802, 805 (9th Cir. 1993); *Shumway v. Payne*, 223 F.3d 982 (9th Cir. 2000).  A claim is also barred, despite the absence of a "plain statement," where the petitioner failed to exhaust state remedies, and the state courts would now find the claim to be procedurally barred under state law.  *Coleman*, 501 U.S. at 735 n. 1; *Noltie*, 9 F.3d at 805.  Washington law bars a defendant from filing a petition more than one year after the judgment becomes final.  RCW 10.73.090.  State law also bars the filing of more than one collateral challenge to a judgment and sentence.  RCW 10.73.140; RAP 16.4(d).

   *1)* *First Claim – Ineffective Counsel – Failure to Interview Victim*

   In his first claim for federal habeas relief, Mr. Baker alleges that his defense counsel was ineffective because he failed to investigate the allegations and interview the victim in this case. Dkt. 5, p. 5.  Mr. Baker claims that this violated his Sixth Amendment right because he was never given the chance to confront the victim.  *Id.*

   Mr. Baker raised this issue in the state courts in his motion for discretionary review before the Washington Supreme Court.  Exh. 16, Dkt. 12.  At that time, Mr. Baker argued:

> I asked several times that and who is the victim to be interviewed.  Had this interview taken place there would of [sic] been a different out come [sic] in my case.  The victim never appeared in any court proceedings including sentencing and I was never given the chance to confront the victim which is one of my constitutional rights.

*Id.* at 2.

   Mr. Baker did not cite to the Federal constitution or federal cases.  *Id.*  He makes only a general reference to a constitutional right to confront the victim.  (This is in contrast to Mr. Baker's federal habeas petition in this case, where he specifically references the Sixth Amendment.  Dkt. 5, p. 5).

REPORT AND RECOMMENDATION - 9

A general reference to a constitutional right to confront witnesses is insufficient for exhaustion purposes.  Petitioners must fairly present their federal claims to state courts in order to give the State the opportunity to pass upon and correct alleged violation of its prisoners' federal rights.  If the state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  See *Duncan,* 513 U.S. at 365-366 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted); see also, *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992) (exhaustion must be "serious and meaningful").

In addition, Mr. Baker did not raise this claim before the Washington Court of Appeals as a federal constitutional issue.  Dkt. 16, Exh. 7.   There, he simply stated "the defense attorney never interviewed the victim …."  *Id.*  A federal habeas petitioner must raise all of his claims in each state court as federal constitutional violations.  See *Baldwin v. Rees,* 541 U.S. 27, 124 S.Ct. 1347 (2004) and *Casey v. Moore,* 386 F.3d 896, 915-916 (2004).  See also *Ortberg v. Moody,* 961 F.2d 135, 138 (9th Cir. 1992).

Because Mr. Baker's first habeas claim was not raised as a federal constitutional violation in either the Washington Court of Appeals or the Washington Supreme Court, it is unexhausted. At this time Mr. Baker is time-barred under RCW 10.73.090 from filing a personal restraint petition to properly exhaust this claim because more than one year has passed since the Washington Court of Appeals issued its mandate on May 8, 2009.  In addition, Mr. Baker already filed a personal restraint petition.  Dkt. 16, Exh. 4.  Thus, RCW 10.73.140 would bar him from filing another such petition unless he can demonstrate good cause why he either failed to raise this claim in his first petition, or, can show good cause for raising the same claim in a second petition.  *See* Exhibit 4 and RCW 10.73.140.

REPORT AND RECOMMENDATION - 10

1

2         *2)*      *Inconclusive Victim Interview*

3         In his second habeas claim, Mr. Baker claims that during the interview the victim was

4    never asked why he let the contact continue, whether the victim participated in the contact

5    voluntarily, and why he waited so long to report it.  Dkt. 5, p. 6.  This claim was not raised in the

6    Washington Court of Appeals.  Dkt. 16, Exhs. 6-8.  In his supplemental brief to his motion for

7    discretionary review before the Washington Supreme Court, Mr. Baker argued as follows:

8
9           As you can see there are some things that don't make sense in this case.  You
            have a [sic] incident that occurred between 2001-2003 but wasn't reported till
            2006.  There are several versions of statements that were made by the victim and
10          myself.  Some of the questions that the victim was asked were vague and
            additional questions should of [sic] been given to the victim during the interview.
11          The victim was never asked why he let the touching continue and why did he wait
            so long to report it.  If the victim answered these two questions there would of
12          [sic] been a big change in the case.

13   Dkt. 16, Exh. 12(a) at 1.

14        Mr. Baker makes no mention of the federal constitution or federal cases.  Because this

15   claim was not raised in either the Washington Court of Appeals or the Washington Supreme

16   Court as a federal constitutional violation, this claim is also unexhausted. See *Baldwin v. Reese*,

17   541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d at 915-16.  As noted above, Mr. Baker is now

18   time barred and RCW 10.73.140 would bar Mr. Baker from filing another personal restraint

19   petition to raise this issue unless he can demonstrate good cause why he either failed to raise this

20   claim in his first petition, or, can show good cause for raising the same claims in a second

21   petition.  *See* Exhibit 4 and RCW 10.73.140.

22

23

24

25

26

REPORT AND RECOMMENDATION - 11

*3)     Court Wrongfully Accepted Plea*

In his third claim for habeas relief, Mr. Baker alleges that "[t]he courts should have never accepted the guilty plea because there were questions and concerns why would a defendant plead guilty on a three strike case." Dkt. 5, p. 8.

In the Washington Court of Appeals, Mr. Baker raised the issue that the trial court erred in accepting his plea of guilty without independently determining whether he was competent to plead guilty and without independently ascertaining a factual basis for the plea. Dkt. 16, Exh. 6. He raised that issue as a violation of the federal constitution. *Id.* Although the issue was not framed identically to his third claim in this case, *i.e.,* that his guilty plea should not have been accepted because he was pleading guilty on a three strike case, the court finds that the latter issue is subsumed in the first.

However, Mr. Baker did not subsequently raise the issue in the Washington Supreme Court as a federal constitutional violation.

In his supplemental brief in the Washington Supreme Court, Mr. Baker argued:

> There were questions about why I plead guilty to a three strike case. The way things were going and how my attorney was making no progress I did not have a chance to win my case. The Court of Appeals indicate [sic] that I failed to submit a withdrawal of guilt but I was not aware of this.

Dkt. 16, Exh. 12(a) at 2.

Mr. Baker did not cite to any federal constitutional violation nor did he cite to any federal law. Because this claim was not raised in the Washington Supreme Court as a federal constitutional violation, this claim is also unexhausted. See *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d at 915-16. See *Hudson v. Rushen,* 686 F.2d 826, 829-30 (9th Cir. 1982), *cert. denied,* 461 U.S. 916 (1983) (each claim must be presented to the state's highest

court based upon the same federal legal theory and the same factual basis as the claim is subsequently asserted in federal court).

As noted above, RCW 10.73.140 would bar Mr. Baker from filing another personal restraint petition to raise this issue unless he can demonstrate good cause why he either failed to raise this claim in his first petition, or, can show good cause for raising the same claims in a second petition. *See* Exhibit 4 and RCW 10.73.140.

Based on the foregoing discussion, the undersigned finds that Mr. Baker failed to fully exhaust all of his federal claims. The court discusses next the issue of procedural default.

B.     *Procedural Default*

If a petitioner fails to obey state procedural rules, the state court may decline review of a claim based on that procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977). State procedural rules serve an important interest in protecting the finality of judgments, and significant harm may result if the federal courts fail to respect those rules. *Coleman v. Thompson*, 501 U.S. 722, 749-750 (1991). If the state court clearly and expressly states that its judgment rests on a state procedural bar, the petitioner is barred from asserting the same claim in a federal habeas corpus proceeding. *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Noltie v. Peterson*, 9 F.3d 802, 805 (9th Cir. 1993). The federal court must honor the state's procedural bar ruling even if the state court reaches the merits of the federal claim in an alternative holding. *Harris*, 489 U.S. at 264 n.10; *Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1447 n.2 (9th Cir. 1989). A claim is also barred, despite the absence of a "plain statement", where the petitioner failed to exhaust state remedies and the state courts would now find the claim to be procedurally barred. *Noltie*, 9 F.3d at 805.

REPORT AND RECOMMENDATION - 13

Mr. Baker is now barred from presenting his claims in a future personal restraint petition to the Washington courts under the independent and adequate state procedural bar of RCW 10.73.140.

RCW 10.73.140 provides:

> If a person has previously filed a petition for personal restraint, the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition . . . . If upon review, the court of appeals finds that the petitioner has previously raised the same grounds for review, or that the petitioner has failed to show good cause why the ground was not raised earlier, the court of appeals shall dismiss the petition.

RCW 10.73.140.

Mr. Baker filed a personal restraint petition in the Washington Court of Appeals.  Dkt. 16, Exhs. 4 and 11.  Because he has already filed a personal restraint petition, he will be procedurally barred from filing a second petition in the Washington State courts unless he can establish good cause for his failure to have raised the same claims in a second petition, or, can show good cause if he raises the same claims in a second petition.  RCW 10.73.140.

C.    *Cause and Prejudice or Fundamental Miscarriage of Justice*

Unless it would result in a "fundamental miscarriage of justice", a petitioner who procedurally defaults may receive review of the defaulted claims only if he demonstrates "cause" for his procedural default and "actual prejudice" stemming from the alleged errors.  *Coleman*, 501 U.S. at 750.  To show "cause", the petitioner must show that some objective factor, external to the petitioner, prevented compliance with the state's procedural rule.  *Id*. at 752; *Alderman v. Zant*, 22 F.3d 1541, 1551 (11th Cir. 1994).  The factor must not only have been external and objective, but it must have actually caused the petitioner's failure to properly exhaust a claim in compliance with state procedural rules.  *Burks v. Dubois*, 55 F.3d 712, 717 (1st Cir. 1995).  "The

REPORT AND RECOMMENDATION - 14

1    fact that [a petitioner] did not present an available claim or that he chose to pursue other claims

2    does not establish cause." *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1306 (9th Cir. 1996).

3        A petitioner can demonstrate "cause" by showing interference by state officials, the

4    unavailability of the legal or factual basis for a claim, or constitutionally ineffective assistance of

5    counsel. *MurBaker v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner cannot demonstrate cause

6    to excuse a procedural default where the cause is fairly attributable to the petitioner's own

7    conduct. *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992). A petitioner cannot show

8    cause for a procedural default where the petitioner bears "the costs associated with an ignorant or

9
10   inadvertent procedural default" or "where the failure to raise a claim is a deliberate strategy."

11   *Coleman*, 501 U.S. at 752. "An evidentiary hearing is not necessary to allow a petitioner to

12   show cause and prejudice if the court determines as a matter of law that he cannot satisfy the

13   standard." *Clark v. Lewis*, 1 F.3d 814, 820 (9th Cir. 1993).

14
15       Allegations of ineffective assistance of counsel in post-conviction collateral proceedings

16   do not excuse a procedural default. See *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987);

17   *Wainwright v. Torna*, 455 U.S. 586 (1982); *Ortiz v. Stewart*, 149 F.3d 923 (9th Cir. 1998);

18   *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998); *Gallego v. McDaniel*, 124 F.3d 1065,

19   1078 (9th Cir. 1997); *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996); *Moran v. McDaniel*,

20   80 F.3d 1261, 1271 (9th Cir. 1996); *Miller v. Keeney,* 882 F.2d 1428, 1432 (9th Cir. 1989).

21
22       Similarly, a petitioner's own inadequacies and lack of expertise in the legal system do not

23   excuse a procedural default. *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 907-09

24   (9th Cir. 1986); *Thomas v. Lewis*, 945 F.2d 1119 (9th Cir. 1991).

25       Mr. Baker has made no showing that some objective factor external to his defense

26   prevented him from complying with the procedural rules of the Washington courts. Because Mr.

REPORT AND RECOMMENDATION - 15

Baker "cannot establish any reason, external to him, to excuse his procedural default," this Court need not address the issue of actual prejudice." *Boyd*, 147 F.3d at 1127; *Thomas v. Lewis*, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991). Furthermore, because Mr. Baker does not present new evidence of actual innocence, this is not the kind of extraordinary instance where the petition should be granted despite the absence of a showing of cause. *McCleskey*, 499 U.S. at 494; *MurBaker*, 477 U.S. at 495-96. See also, *Schlup v. Delo*, 115 S. Ct. 851, 867 (1995) ("The exception is available only where the petitioner 'supplements his constitutional claim with a colorable showing of factual innocence.'")

Accordingly, the undersigned concludes that Mr. Baker's unexhausted claims fail to present cognizable grounds for federal habeas corpus relief.

### CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 120 S.Ct. 1595, 1604 (2000)

REPORT AND RECOMMENDATION - 16

There is nothing in the record that would support a conclusion that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Mr. Baker's habeas claims were unexhausted in state court.  Although he may be ultimately barred from presenting his claims in state court, the undersigned has afforded him the opportunity to do so by recommending dismissal of the habeas petition without prejudice.

*CONCLUSION*

Mr. Baker failed to properly exhaust his claims because he failed to fairly present the claims to the Washington Supreme Court.  As he has previously filed a personal restraint petition, he is now procedurally barred from presenting these claims.  Because the claims are unexhausted and procedurally barred and Mr. Baker has made no showing of cause and prejudice or actual innocence, the petition should be **Denied and Dismissed Without Prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 23, 2010**, as noted in the caption.

DATED this 29th day of June, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 17